**SCOTT et, Plaintiffs-Appellees, v. WILSON, Defendant-Appellant, and SCOTT et, Defendants-Appellees.**

Ohio Appeals, Second District, Fayette County.

No. 279.   Decided November 8, 1955.

Carrington T. Marshall, Columbus, for plaintiffs-appellees.
Brownfield & Malone, Columbus, for defendant-appellant.

(CONN, J, of the Sixth District sitting by assignment in the Second District.)

## OPINION

By CONN, J.

This is an appeal by defendant on questions of law from a judgment rendered by the common pleas court in favor of plaintiffs-appellees and against defendant-appellant.

. This action was brought to quiet title to a parcel of real estate consisting of 47.033 acres in Union Township, Fayette County, adjoining the city limits of Washington Court House, and described in plaintiff's petition by metes and bounds. Issues were raised on the petition. the answer and cross-petition of defendants and the reply of plaintiffs.

Plaintiffs allege that they are now and for a long time have been in possession of said real estate; that they have title in fee simple to said land as tenants in common; that defendant claims an undivided one-third interest therein, which claim of defendant is without any right whatever.

Plaintiffs pray that their title and possession of said property be quieted and that defendant be forever barred from having any right, title or interest therein.

The claims of possession and fee simple title set forth in the petition of plaintiffs are specially denied by defendant.

In the second and third defenses, as designated, defendant alleges that at the time plaintiffs began their action there was another action pending wherein the identical issue in this case must and will be determined.

Defendant further alleges that on or about July 9, 1917, Estella M. Scott, et al. filed her petition in the common pleas court, cause No. 14696, and that in said action it was adjudged by the court that Estella M. Scott (now deceased) held a life estate in the premises described in plaintiff's petition and that Flossie M. Scott, Esther Scott and Earl E. Scott held the remainder estate in said property in fee simple. It is further alleged in substance that Flossie M. Scott married one Clarence E. Wohlheter (defendants' predecessor in title); that Flossie Scott Wohlheter died testate on November 20, 1941, and by the terms of her will she devised to her husband an undivided one-third interest in fee simple in said real estate; that thereafter Clarence E. Wohlheter conveyed by deed an undivided one-third interest in fee simple to the defendant herein.

That said judgment in cause No. 14696 was entered on the merits of the case; that the interests of the plaintiffs herein and defendant's predecessor in title in the real estate described in the petition in said cause, including the premises described in plaintiffs' petition here, constituted the sole issue in said action and that said judgment is res judicata and binding on the parties hereto.

Defendant in his cross-petition alleges he is seized in fee simple of an undivided one-third of said real estate and seeks an accounting for rents and profits.

The affirmative allegations in defendants' answer are denied by plaintiffs in their reply. The further averments therein are argumentative and evidentiary in character and do not appear to raise any affirmative issues.

The evidence offered at the trial is almost exclusively documentary and free from conflict.

The evidence discloses that one John R. McLean (unmarried) conveyed by deed to his daughter, Estella Scott, also known as Estella M. Scott, a life estate in a large tract of land in Union Township, Fayette County, Ohio, including the premises described in plaintiffs' petition, and the remainder to the heirs of her body, their heirs and assigns. The language creating the life estate and the limitation over is found in both the premises of the deed and in the habendum clause.

January 2, 1917, Estella M. Scott, Flossie M. Scott, Esther Scott and Earl E. Scott, a minor by Estella M. Scott, his next friend, as plaintiffs, brought an action to quiet title to said lands in the common pleas court, cause No. 14696, against Mary E. McLean, D. R. McLean as executor of the estate of John B. McLean, Benjamin R. Barbee, as executor of

the estate of John R. McLean, deceased, Barzillai O. McLean and Zenas B. McLean, as defendants.

A transcript of the case was introduced and received in evidence upon the trial in the instant case. The finding and judgment are set up in the third defense of defendants' answer herein.

The record is lengthy and includes the pleadings, amendments thereto, motions and special demurrer addressed to plaintiffs' petition, as amended, and the finding and judgment of the court.

In view of plaintiffs' contention, we deem it necessary to set forth in some detail the issues raised on the pleadings and evidence. The allegations in plaintiffs' petition, material here, are as follows: Plaintiffs allege that on April 3, 1906, John B. McLean, unmarried, conveyed by duly executed deed a life estate in certain lands in Union Township, Fayette County, including the premises described in plaintiffs' petition in the instant case, to Estella M. Scott for life and to the heirs of her body an estate in remainder therein in fee simple; that subsequently to the execution of said deed, John R. McLean intermarried with one Mary F. McLean; that John R. McLean died May 26, 1916, leaving a last will and testament dated July 24, 1914, in which he devised the real estate in question to Estella M. Scott for life and the remainder to her children in fee simple; that said will was duly admitted to probate and recorded in the probate court of Franklin County, Ohio; and that defendant Benjamin R. Barbee was appointed executor of said estate.

That thereafter said John R. McLean sustained a serious head injury, and became incapacitated and was adjudged an imbecile; that a guardian was appointed and thereafter, on December 29, 1915, said ward executed a paper writing which was admitted to probate and recorded in the probate court of Fayette County, as the last will and testament of said John R. McLean; that Item IV of said will purports to give and devise to Mary F. McLean for her natural life 47 acres of land, known as the Washington Court House Fair Grounds, and after her death to the three grandchildren of deceased, Flossie Scott, Esther Scott and Earl Scott. and to their heirs and assigns; that Item V of said pretended will purports to give 230 acres of land to his daughter, Estella M. Scott, during her natural life, and at her death to her three children absolutely and in fee simple.

It is further alleged that plaintiff Estella M. Scott is the owner of a life estate in said land and in possession thereof, and that plaintiffs Flossie M. Scott, Esther Scott and Earl E. Scott are owners of the estate in remainder; that each of said executors claim the right to administer said estate; that defendants, Mary R. McLean, et al., claim some interest in said lands as beneficiaries under said respective wills; and that all of the claims of said defendants are adverse to the rights of plaintiffs and constitute a cloud upon their title to said real estate.

It further appears that service of summons was made on each of said defendants; that leave was granted plaintiffs to file an amended petition making The Fayette County Fair Co., and Charles Sargent parties defendant, and setting up certain claims for rentals, which are not important here.

Other proceedings were had in making up the issues in the case, containing eight specifications to strike and to separately state and number, which motion was overruled.

Thereupon, defendants Mary F. McLean and D. R. McLean, as executor, demurred specially to plaintiffs' petition and amendment thereto, alleging among other things that the petition of plaintiffs does not state facts constituting a cause of action. The trial court found the demurrer not well taken and overruled same.

Thereupon "said cause was submitted to the court upon the pleadings and the evidence, and representations and admissions of fact on behalf of said parties.". The court found in favor of plaintiffs "and that they are entitled to the relief asked for in said petition." Judgment was entered quieting the title of plaintiff Estella M. Scott in and to said lands, for the term of her natural life, and in said plaintiffs, Flossie M. Scott, Esther Scott and Earl E. Scott in fee simple in remainder. against the claims of said defendants. The Fayette County Fair Co. and Charles Sargent were enjoined from asserting any interest in said real estate.

In the instant case, further documentary evidence was received as follows: a certified copy of the will of Flossie Scott Wohlheter, dated August 13, 1930, wherein it appears that said testatrix devised all her real estate, including her share in the John B. McLean farm to Clarence E. Wohlheter; also the certificate of transfer of said real estate to said devisee; also a certified copy of the quit claim deed of Clarence E. Wohlheter to the defendant Herbert Wilson, for the real estate described in plaintiffs' petition; also the assignment to said grantee of certain rents and claims; certified copies of said wills of John B. McLean were introduced in evidence. Some further documentary evidence was received in evidence, but we do not regard it as being material in the determination of the issues presented on the record.

Alleged errors of the trial court are assigned and chiefly relied on by defendant in oral argument and brief are grounded on the claim that its judgment amounts to a collateral attack on the judgment in the earlier action cause No. 14696, and that said judgment is res judicata: also that the court erred in finding that defendant has no interest in said property and in dismissing defendant's cross-petition.

We have given careful consideration to the issues raised on this appeal, and particularly to the claim that the trial court's judgment is a collateral attack on the judgment in cause No. 14696.

The evidence discloses, and it is not disputed, that the court had jurisdiction of the subject matter of the action and of the parties. The evidence discloses no irregularity in the proceedings and none is claimed.

For purposes of the demurrer, it admitted all facts well pleaded. No application was made to plead further, and thereupon the cause was submitted and the court adjudicated the issues in favor of plaintiffs and entered judgment as prayed for. As already pointed out, the court determined that Estella M. Scott had an estate for life in said lands and that plaintiffs, Flossie M. Scott, Esther Scott and Earl E. Scott, had remainder estates in fee simple.

No appeal was taken from this judgment, nor does it appear that

said judgment had ever been subject to direct attack. Under these circumstances, defendant claims that the rule inhibiting collateral attack against judgments regularly entered is applicable, and that on the whole record no successful attack on the validity of the judgment can be made in this action.

Plaintiffs contend that in view of the character of the proceedings in the earlier case, cause No. 14696, the trial court was without authority to find and adjudge that plaintiffs Flossie M. Scott, Esther Scott and Earl E. Scott had fee simple estates in remainder; and that the doctrine of res judicata does not apply. The predicate for this claim, as presented by the distinguished counsel for plaintiffs, deserves careful examination.

Three answers are suggested to defendant's contention and it is claimed that any one is conclusive.

First, Flossie, Esther and Earl were neither necessary nor proper parties. We will first consider the merits of this claim of plaintiffs.

The Code provides that an action must be prosecuted in the name of the real party in interest (§2307.05 R. C.), and that all persons having an interest in the subject matter of the action may be joined as plaintiffs (§2307.18 R. C.).

This latter section in its terms is not mandatory, as it relates to persons who are not united in interest but who have any legal or equitable interest in the subject of the action and in obtaining the relief demanded.

See **Clark, Exec. et al, v. The McLain Fire Brick Co., 130 Oh St 110; 30 O. Jur. 750, Sec. 36.**

We call attention to §5303.01 R. C., which authorizes a person out of possession, who claims an interest in remainder or reversion to maintain an action to determine his interest therein. The joinder of the life tenant and her children as parties plaintiff accords with this section of the Code.

It is in point to note that an issue of defect of parties may be raised by demurrer. As pointed out above, the demurrer of defendants was overruled. The court by its judgment determines issues. Issues are raised on the pleadings and the evidence. In the instant case, the trial court not only had before it the deed of John R. McLean, but also his subsequent will (the validity of which was not challenged), which devised to the three children of the life tenant estates in remainder in fee simple. In our opinion, the children of the life tenant were necessary parties to the action in cause No. 14696, in view of their interest in the subject matter, and the contention of plaintiffs should not be sustained.

Assuming that the contention of plaintiffs were sound and that said children of the life tenant, under the limitation in the deed, had an expectancy, a mere possibility only, such conclusion would not be decisive as the trial court had before it the valid will of John R. McLean, wherein said testator had devised to said three children estates in remainder in fee simple.

In view of our conclusion that the children of the life tenant were proper and necessary parties in cause No. 14696, and that the pleadings and the evidence put in issue the right, title and interest of said children

respectively, each having an equal share in and to the estate of their grandfather, John R. McLean, it follows that the second and third questions, to wit: that no issue was joined between Flossie and her sister and brother and that §10512-4 GC (now §2131.04 R. C.) did not become effective until after the death of Flossie, are each unrelated to said judgment in the early case and are untenable.

It is also contended by plaintiffs that the quiet title suit brought by Clarence E. Wohlheter against the defendant, Estella M. Scott, June 23, 1934, cause No. 18145, wherein the court found that said defendant had a life estate in said property and quieted her title thereto against plaintiff is decisive of the case at bar. The remainder interests were not involved in this action.

Plaintiffs also claim that any possible claim of Wohlheter and of defendant in the instant case was barred by the statute of limitations. If our conclusion be correct that the judgment in cause No. 14696 is not subject to collateral attack and is res judicata, said claims of plaintiffs are clearly untenable.

It is our conclusion that the judgment of the trial court in cause No. 14696 adjudged the right, title and interest of plaintiffs respectively in that action; that the remainder interest in fee simple of each of the three children was vested, and that said judgment is res judicata.

In view of our conclusion, no consideration need be given to other assignments of error.

Without extending this discussion further, and in view of the whole record, the judgment of the trial court should be reversed and this cause remanded to the trial court for further proceedings according to law.

Reversed and remanded.

MILLER, PJ, HORNBECK, J, concur.